1  Tammy Hussin (Bar No. 155290)
   Lemberg & Associates, LLC
2  6408 Merlin Drive
3  Carlsbad, CA 92011
   Telephone (855) 301-2100 ext. 5514
4  thussin@lemberglaw.com

5
   Lemberg & Associates, LLC
6  1100 Summer Street
7  Stamford, CT  06905
   Telephone:  (203) 653-2250
8  Facsimile:  (203) 653-3424

9
   Attorneys for Plaintiff,
10 Cory Horton

11

12

13                UNITED STATES DISTRICT COURT

14              SOUTHERN DISTRICT OF CALIFORNIA

15

16 | Cory Horton, *on behalf of himself and all others similarly situated*, | Case No.:  **'13 CV 0307 JAH  WVG** |
17 | | |
18 | Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*** |
19 | vs. | |
20 | | |
21 | Cavalry Portfolio Services, LLC, | |
22 | Defendant. | **JURY TRIAL DEMANDED** |

23

24

25

26

27

28

---

HORTON CLASS ACTION COMPLAINT

**INTRODUCTION**

1.      Plaintiff, Cory Horton, brings this class action for damages, injunctive relief and any other available legal or equitable remedies, based on the illegal actions of Cavalry Portfolio Services, LLC ("Cavalry" or "Defendant") in negligently, knowingly, and/or willfully placing calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**JURISDICTION AND VENUE**

2.      Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227, as Plaintiff seeks up to $1,500.00 in damages for each call placed by Defendant in violation of the TCPA, which when aggregated among a proposed class numbering tens of thousands of members, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Plaintiff further alleges a national class, which will result in at least one class member residing in a different state other than Defendant, which results in jurisdiction under 28 U.S.C. § 1332(d)(2)(A). As such, under the Class Action Fairness Act of 2005, both elements of diversity are present and this Court has jurisdiction.

3.      Venue in the Southern District of California pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), because Defendant regularly conducts business in the County of

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

San Diego and regularly places telephone calls to persons residing in the County of

San Diego in its attempts to collect debts allegedly owed by these persons, and because

the events giving rise to Plaintiff's cause of action occurred within the state of

California.

## PARTIES

4.      Plaintiff is, and at all times mentioned herein was, a resident and citizen of

the State of California, and is a "person" as defined by 47 U.S.C. § 153(10).

5.      Plaintiff is informed and believes and thereon alleges that Cavalry is, and

at all times mentioned herein was, a Delaware business entity with its principal place

of business in Hawthorne, New York.  Defendant is, and at all times herein mentioned

was, a corporation and a "person" as defined by 47 U.S.C. § 153(10), and regularly

conducts business in the State of California and in the County of San Diego, and within

this judicial district.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6.      Within the last four years, Cavalry placed telephone calls to Plaintiff on his

cellular telephone.

7.      At all times mentioned herein, Defendant called Plaintiff's cellular

telephone using an "automatic telephone dialing system" ("ATDS") as defined by 47

U.S.C. § 227(a)(1), and by using an "artificial or prerecorded voice", as prohibited by 47

U.S.C. § 227(b)(1)(A).

**1**

**2**

**3**

8.      The calls from Cavalry were placed to Plaintiff in an attempt to collect an

outstanding obligation allegedly owed by Plaintiff to a creditor ("Creditor").

**4**

9.      Defendant's ATDS has the capacity to store or produce telephone numbers

**5**

to be called, using a random or sequential number generator.

**6**

**7**

10.     When Plaintiff answered the calls from Cavalry, he often times heard a pre-

recorded message.

**8**

**9**

11.     The telephone number called by Defendant was and is assigned to a cellular

**10**

telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47

**11**

**12**

U.S.C. § 227(b)(1).

**13**

12.     The calls from Defendant to Plaintiff were not placed for "emergency

**14**

purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

**15**

**16**

13.     Plaintiff never provided his cellular telephone number to the Creditor or to

**17**

Cavalry at any time, and never provided his assent to the Creditor or Cavalry to be

**18**

contacted on his cellular telephone number.

**19**

**20**

14.     Cavalry or its agents did not have express consent to place calls using an

**21**

ATDS and/or using a prerecorded voice to Plaintiff's cellular telephone, and the calls

**22**

placed by Defendant to Plaintiff are in violation of 47 U.S.C. § 227(b)(1)(A).

**23**

**24**

**25**

## CLASS ACTION ALLEGATIONS

**26**

15.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on

**27**

**28**

behalf of himself and all others similarly situated (the "Class") who were harmed by

the acts of Defendant.

16. Plaintiff represents and is a member of the Class, whose members are defined as:

**All persons within the United States who received a telephone call from Defendant, or its employees and/or agents, on their cellular telephone that was placed using an automated telephone dialing system and/or by using an artificial or prerecorded voice, and which call was made without the recipient's prior express consent and was not made for emergency purposes, within the four years prior to the filing of this Complaint.**

17. Excluded from the Class are all officers, directors, and employees of Defendant, together with those individuals' immediate family members, and their respective legal representatives, heirs, successors and assigns, the officers, directors and employees of any parent, subsidiary or affiliate of Defendant, together with those individuals' immediate family members, Counsel for Defendant and Class Counsel and their immediate family members, in addition to those whose claims are barred by the statute of limitations.

18. Plaintiff, on behalf of the Class, expressly excludes damages for recovery based on personal injury and claims related thereto, and seeks damages and injunctive relief only for economic injury on behalf of the Class. Plaintiff reserves the right to expand the Class if warranted as further facts are discovered in investigation and discovery.

19. Defendant harmed Plaintiff and the members of the Class by illegally contacting Plaintiff and the Class members on their cellular telephones, causing

charges to be incurred by Plaintiff and the Class, or by reducing cellular telephone time for which Plaintiff and the Class members previously paid in having to retrieve or administer messages left by Defendant during the aforementioned calls, and by invading the privacy of said Plaintiffs and the Class members.  Plaintiff and the Class members were damaged thereby.

20.     Upon information and belief, Defendant placed calls using an ATDS and/or using an artificial or prerecorded voice to cellular telephone numbers belonging to tens of thousands of persons throughout the United States, without their prior express consent and not for emergency purposes.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable, and the disposition of their claims in the Class action will provide substantial benefits to the parties and the Court.

21.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members can be had from Defendant's or its agents' records.

22.     The following questions of law and fact predominate over questions that might affect individual Class members and are ripe for determination:

a.  Whether Defendant made any call to Plaintiff and Class members using an ATDS and/or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service within the

four years prior to the filing of this complaint, other than a call that was made with the prior express consent of the recipient or made for emergency purposes;

b.  Whether the acts of Defendant damaged Plaintiff and the members of the Class, and the extent of those damages;

c.  Whether Defendant should be enjoined from engaging in any such conduct in the future.

23.    Plaintiff asserts claims that are typical of the Class in that Defendant placed at least one call to Plaintiff's cellular telephone within the last four years using a prerecorded or artificial voice without Plaintiff's prior express consent and not for emergency purposes.

24.    The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely places calls using an ATDS and/or using an artificial or prerecorded voice to telephone numbers assigned to cellular telephone services without prior express consent from the person called and not for emergency purposes is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

25.    Plaintiff will fairly and adequately represent and protect the Class interests, and has no antagonistic interests toward any Class members.

26.    All Class claims arise from the very course of conduct and specific

1    activities complained of herein and require application of the same legal principles.

2
3        27.     Irreparable harm has been suffered by Plaintiff and the Class members as

4    a result of Defendant's wrongful and illegal conduct.

5        28.     Without this class action, Defendant will likely proceed without penalty

6
7    and continue its unlawful conduct, and the Class would continue to face the potential

8    of additional harm due to Defendant's conduct. Defendant cannot otherwise be induced

9    to comply with state and federal laws in the absence of Class wide damages, and the

10
11   class action is a superior vehicle for the fair and efficient adjudication of this

12   controversy.

13       29.     Most members of the Class would find the cost of litigating their claims

14
15   prohibitive in the absence of a class action, and therefore few Class members could

16   seek individual legal redress for the wrongs perpetrated by Defendant.

17       30.     Plaintiff has retained a law firm experienced in litigating class actions and

18
19   consumer claims, who stands ready, willing, and able to represent the Class.

20       31.     The members of the Class are generally unsophisticated individuals

21   whose rights will not be vindicated absent a class action.  The interest of the Class

22
23   members in prosecuting individual claims against Defendant is small, because the

24   statutory damages in an individual claim for violation of privacy is minimal.

25   Additionally, management of these claims as a class is superior to multiple individual

26
27   actions or piecemeal litigation in that it conserves the resources of both the Court and

28

the litigants, and promotes consistency and efficiency of adjudication.

32.     Appropriate injunctive and declaratory relief with respect to the Class as a whole can be had, insofar as Defendant wrongfully acted on grounds generally applicable to the Class.

33.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.  Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

34.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*

35.     Plaintiff re-alleges all of the above paragraphs of this Complaint and incorporates them by this reference as though fully stated herein.

36.     Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et seq.*

37.     As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in

negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*

38.     Plaintiff re-alleges all of the above paragraphs of this Complaint and incorporates them by this reference as though fully stated herein.

39.     Defendant's acts as detailed herein constitute numerous knowing and/or willful violations of the TCPA, in that the calls placed by Defendant were made without prior express consent of Plaintiff and other members of the Class.

40.     As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages in an amount up to $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays, on behalf of himself and of the members of the Class, that the Court grants the following relief against Defendant:

1.  Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) prohibiting such violations of the TCPA by Defendant in the future;

2.  Statutory damages for Plaintiff and each Class member of $500.00 for each and every call made by Defendant in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Statutory damages for Plaintiff and each Class member of $1,500.00 for each and every call knowingly and/or willfully made by Defendant in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorney's fees and costs to counsel for Plaintiff and the Class; and

5. Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  February 7, 2013

By: _/s/ Tammy Hussin_
Tammy Hussin, Esq.
Lemberg & Associates
Attorney for Plaintiff, Cory Horton