1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  JEFFREY A. TOPOR (SBN 195545)
   jtopor@snllp.com
3  LINDSEY A. MORGAN (SBN 274214)
   lmorgan@snllp.com
4  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
5  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
6  Facsimile:   (415) 352-2625

7  Attorneys for defendant
   Cavalry Portfolio Services, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY HORTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CAVALRY PORTFOLIO SERVICES, LLC,<br><br>Defendant. | CASE NO. 13-CV-00307-JAH (WVG)<br><br>**ANSWER TO COMPLAINT BY DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC** |

Defendant CAVALRY PORTFOLIO SERVICES, LLC ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff CORY HORTON ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, denies the allegations of this paragraph, and denies that Plaintiff is entitled to seek any relief requested in this paragraph. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff alleges the Court has jurisdiction under 28 U.S.C. § 1331 and under 47 U.S.C. § 227, and that Plaintiff alleges that jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2)(A). Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff alleges venue is proper in this district. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the events giving rise to Plaintiff's cause of action occurred within the State of California. Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4. In answering Paragraph 4 of the Complaint, Defendant admits that Cory Horton is a "person" as defined by 47 U.S.C. § 153(10). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff resides in California, or that Plaintiff is a citizen of the State of California. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5. In answering Paragraph 5 of the Complaint, Defendant admits that it is a Delaware business entity with its principal place of business in Vahalla, New York. Defendant admits that it is a corporation and a "person" as defined by 47 U.S.C. § 153(10). Defendant admits that it does, at times, attempt to collect delinquent financial obligations from persons located in the State of California and in the county

of San Diego. Except as herein admitted, the remaining allegations of Paragraph 5 are denied

6. Defendant admits that it attempted to contact Plaintiff regarding an outstanding financial obligation. Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7. Denied.

8. Defendant admits that it attempted to contact Plaintiff regarding an outstanding financial obligation. Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9. Denied.

10. In answering Paragraph 10 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

11. In answering Paragraph 11 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

12. Admitted on information and belief.

13. Denied.

14. Denied.

15. In answering Paragraph 15 of the Complaint, Defendant denies that it harmed Plaintiff or any other individual. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules to Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested. Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 16 of the Complaint.

HORTON V. CAVALRY PORTFOLIO SERVICES, LLC (CASE NO.: 13-CV-00307-JAH (WVG))
ANSWER TO COMPLAINT BY CAVALRY PORTFOLIO SERVICES, LLC

2

17. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 17 of the Complaint.

18. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 18 of the Complaint.

19. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 19 of the Complaint.

20. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 20 of the Complaint.

21. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 21 of the Complaint.

22. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations and subparts of Paragraph 22 of the Complaint.

23. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 23 of the Complaint.

HORTON V. CAVALRY PORTFOLIO SERVICES, LLC (CASE NO.: 13-CV-00307-JAH (WVG))
ANSWER TO COMPLAINT BY CAVALRY PORTFOLIO SERVICES, LLC

3

24. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 24 of the Complaint.

25. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 25 of the Complaint.

26. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 26 of the Complaint.

27. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 27 of the Complaint.

28. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 28 of the Complaint.

29. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 29 of the Complaint.

30. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 30 of the Complaint.

HORTON V. CAVALRY PORTFOLIO SERVICES, LLC (CASE NO.: 13-CV-00307-JAH (WVG))
ANSWER TO COMPLAINT BY CAVALRY PORTFOLIO SERVICES, LLC

4

31. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 31 of the Complaint.

32. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 32 of the Complaint.

33. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 33 of the Complaint.

34. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 34 of the Complaint.

35. Defendant incorporates by reference paragraphs 1 through 34 above as if fully stated herein.

36. Denied.

37. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 37 of the Complaint.

38. Defendant incorporates by reference paragraphs 1 through 37 above as if fully stated herein.

39. Denied.

40. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that

Plaintiff is entitled to any relief requested and all allegations of Paragraph 40 of the Complaint.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Prior Express Consent)

The claims asserted by Plaintiff and members of the purported class are barred because Plaintiff and members of the class provided prior express consent to be called.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
## (No Willful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
## (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

## EIGHTH AFFIRMATIVE DEFENSE
## (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant laws.

## NINTH AFFIRMATIVE DEFENSE
## (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of

Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution. Plaintiff's proposed interpretation of provisions of the TCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff has suffered no "injury in fact" as a result of the alleged violation and therefore lacks standing to sue.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes on his unpaid account, including any recoverable interest and attorneys' fees. Defendant is also entitled to setoff claims asserted on behalf of members of the purported class.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recovers from Plaintiff costs according to proof.

3. That Defendant recovers attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: April 14, 2013

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR
LINDSEY A. MORGAN

By: s/Tomio B. Narita
Tomio B. Narita
Attorneys for defendant
Cavalry Portfolio Services, LLC

# PROOF OF SERVICE

I, Tomio B. Narita, hereby certify that:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816. I am counsel of record for the defendant in this action.

On April 14, 2013, I caused the **ANSWER TO COMPLAINT BY DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC** to be served upon the parties listed below via the Court's Electronic Filing System:

**VIA ECF**

Tammy Hussin
tammy.hussin@lemberglaw.com
Counsel for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 14th day of April, 2013.

By:   s/Tomio B. Narita
       Tomio B. Narita
       Attorneys for defendant
       Cavalry Portfolio Services, LLC