1   TOMIO B. NARITA (SBN 156576)
    tnarita@snllp.com
2   JEFFREY A. TOPOR (SBN 195545)
    jtopor@snllp.com
3   CHRISTOPHER M. SPAIN (SBN 265465)
    cspain@snllp.com
4   LINDSEY A. MORGAN (SBN 274214)
    lmorgan@snllp.com
5   SIMMONDS & NARITA LLP
    44 Montgomery Street, Suite 3010
6   San Francisco, CA 94104-4816
    Telephone: (415) 283-1000
7   Facsimile:   (415) 352-2625

8   Attorneys for defendant
    Cavalry Portfolio Services, LLC
9

10                  UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12

13

14   CORY HORTON, on behalf of          )   CASE NO.  13-CV-00307-JAH (WVG)
     himself and all others similarly   )
15   situated,                          )
                                        )   **FIRST AMENDED ANSWER AND**
16                                      )   **COUNTERCLAIM BY DEFENDANT**
                 Plaintiff,             )   **CAVALRY PORTFOLIO SERVICES,**
17                                      )   **LLC**
                                        )
18          vs.                         )
                                        )
19                                      )
     CAVALRY PORTFOLIO                  )
20   SERVICES, LLC,                     )
                                        )
21                                      )
                 Defendant.             )
22   _____   )

23

24

25

26

27

28

1    Defendant CAVALRY PORTFOLIO SERVICES, LLC ("Defendant") hereby

2  submits the following First Amended Answer to the Complaint filed in this action by

3  plaintiff CORY HORTON ("Plaintiff"):

4    1.    In answering Paragraph 1 of the Complaint, Defendant denies that there

5  is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to

6  certify a class in this case, denies the allegations of this paragraph, and denies that

7  Plaintiff is entitled to seek any relief requested in this paragraph.  Except as herein

8  admitted, the remaining allegations of Paragraph 1 are denied.

9    2.    In answering Paragraph 2 of the Complaint, Defendant admits that

10  Plaintiff alleges the Court has jurisdiction under 28 U.S.C. § 1331 and under 47

11  U.S.C. § 227, and that Plaintiff alleges that jurisdiction exists pursuant to 28 U.S.C. §

12  1332(d)(2)(A).   Except as herein admitted, the remaining allegations of Paragraph 2

13  are denied.

14    3.    In answering Paragraph 3 of the Complaint, Defendant admits that

15  Plaintiff alleges venue is proper in this district.  Defendant lacks knowledge or

16  information sufficient to form a belief as to the truth of the allegation that the events

17  giving rise to Plaintiff's cause of action occurred within the State of California.

18  Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

19    4.    In answering Paragraph 4 of the Complaint, Defendant admits that Cory

20  Horton is a "person" as defined by 47 U.S.C. § 153(10).  Defendant lacks knowledge

21  or information sufficient to form a belief as to the truth of the allegation that Plaintiff

22  resides in California, or that Plaintiff is a citizen of the State of California.  Except as

23  herein admitted, the remaining allegations of Paragraph 4 are denied.

24    5.    In answering Paragraph 5 of the Complaint, Defendant admits that it is a

25  Delaware business entity with its principal place of business in Valhalla, New York.

26  Defendant admits that it is a corporation and a "person" as defined by 47 U.S.C. §

27  153(10).  Defendant admits that it does, at times, attempt to collect delinquent

28  financial obligations from persons located in the State of California and in the county

of San Diego. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.      Defendant admits that it attempted to contact Plaintiff regarding an outstanding financial obligation.  Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7.      Denied.

8.      Defendant admits that it attempted to contact Plaintiff regarding an outstanding financial obligation.  Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9.      Denied.

10.     In answering Paragraph 10 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

11.     In answering Paragraph 11 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

12.     Admitted on information and belief.

13.     Denied.

14.     Denied.

15.     In answering Paragraph 15 of the Complaint, Defendant denies that it harmed Plaintiff or any other individual.  Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules to Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested.  Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 16 of the Complaint.

17.    Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 17 of the Complaint.

18.    Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 18 of the Complaint.

19.    Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 19 of the Complaint.

20.    Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 20 of the Complaint.

21.    Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 21 of the Complaint.

22.    Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations and subparts of Paragraph 22 of the Complaint.

23.    Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 23 of the Complaint.

24.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 24 of the Complaint.

25.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 25 of the Complaint.

26.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 26 of the Complaint.

27.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 27 of the Complaint.

28.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 28 of the Complaint.

29.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 29 of the Complaint.

30.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 30 of the Complaint.

31.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 31 of the Complaint.

32.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 32 of the Complaint.

33.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 33 of the Complaint.

34.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 34 of the Complaint.

35.     Defendant incorporates by reference paragraphs 1 through 34 above as if fully stated herein.

36.     Denied.

37.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 37 of the Complaint.

38.     Defendant incorporates by reference paragraphs 1 through 37 above as if fully stated herein.

39.     Denied.

40.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that

Plaintiff is entitled to any relief requested and all allegations of Paragraph 40 of the Complaint.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Prior Express Consent)

The claims asserted by members of the purported class are barred because members of the class provided prior express consent to be called.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No Willful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH  AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant laws.

## NINTH AFFIRMATIVE DEFENSE

### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of

1 Defendant and/or any responsible parties, named or unnamed, should be apportioned

2 according to their relative degrees of fault, and the liability of Defendant should be

3 reduced accordingly.

4

5 **TENTH AFFIRMATIVE DEFENSE**

6 **(Supervening Cause)**

7 The causes of action in the Complaint are barred, in whole or in part, to the

8 extent that any injury or loss sustained was caused by intervening or supervening

9 events over which Defendant had or has no control.

10

11 **ELEVENTH AFFIRMATIVE DEFENSE**

12 **(Equitable Indemnity)**

13 To the extent that Plaintiff has suffered any damage as a result of any alleged

14 act or omission of Defendant, which Defendant denies, Defendant is entitled to

15 equitable indemnity according to comparative fault from other persons and/or entities

16 causing or contributing to such damages, if any.

17

18 **TWELFTH AFFIRMATIVE DEFENSE**

19 **(First Amendment)**

20 Defendant's conduct is protected under the First Amendment of the United

21 States Constitution.  Plaintiff's proposed interpretation of provisions of the TCPA

22 must be rejected as it would place an unreasonable restraint upon Defendant's First

23 Amendment rights, thereby raising serious constitutional issues.

24

25 **THIRTEENTH AFFIRMATIVE DEFENSE**

26 **(Standing)**

27 Plaintiff has suffered no "injury in fact" as a result of the alleged violation and

28 therefore lacks standing to sue.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes on his unpaid account, including any recoverable interest and attorneys' fees.  Defendant is also entitled to setoff claims asserted on behalf of members of the purported class.

## COUNTERCLAIM

Defendant and Counterclaimant CAVALRY PORTFOLIO SERVICES, LLC ("Counterclaimant") counterclaims against plaintiff and counter-defendant CORY HORTON ("Horton") as follows:

## THE PARTIES

1.     Counterclaimant is  a Delaware limited liability company with its principal place of business in Valhalla, New York.  Counterclaimant attempts to collect past due financial obligations on charged-off accounts acquired from others.

2.     On information and belief, Horton is an individual residing in the State of California.

## JURISDICTION AND VENUE

3.     This Court has supplemental jurisdiction over any state law claims asserted as counterclaims pursuant to 28 U.S.C. § 1367.

4.     Jurisdiction in this judicial district is proper because Horton's complaint against Counterclaimant is currently pending in this judicial district, and venue is proper under 28 U.S.C. § 1391(b)(3) as Counterclaim has appeared in the action and concedes that for purposes of this action only that it is subject to personal jurisdiction in this district.

# FACTUAL ALLEGATIONS

5.      On or about July 25, 2005, Horton obtained a loan from Navy Federal Credit Union in the amount of $25,000.00 for the purchase of a used GMC truck. The last four digits of the loan account were 9902 (the "Account").

6.      The loan for the GMC truck was governed by a two-page Promissory Note, Security Agreement and Disclosure ("Agreement"), which Horton signed, thereby agreeing to the terms and conditions set forth in the Agreement.  A true and correct copy of the front page of the Agreement, which has been partially redacted to protect Horton's privacy, and a true and correct copy of an exemplar of the back side of the Agreement used at the time Horton opened his account, is attached hereto as **Exhibit A**.

7.      The Agreement contains a provision that states:  "The undersigned ("Borrower") jointly and severally, waiving rights of demand and notice, hereby promises to pay to the order of NFCU the amount shown in block 12 of the Truth-in-Lending Disclosure on the reverse, with interest on the unpaid balance at the ANNUAL PERCENTAGE RATE as shown in block 10, in installments as shown in the payment schedule.  Interest is charged on a daily basis from the date of the Promissory Note."

8.      The Agreement contains a provision that states, "Upon default, the balance due under this Note, plus any interest, shall become immediately payable without further notice to the Borrower at the option of NFCU.  If the amount due is not paid immediately, NFCU shall have the right to take such action as is available to it under the law."

9.      The Agreement contains a provision that states: "In the event of default, all reasonable costs of collection, including but not limited to, court costs, expenses and reasonable attorneys fees, will be paid by the Borrower."

10.     The Agreement identifies Horton's residence address as of July 25, 2005 in Hampton, Virginia.  The Agreement provides: "This agreement is entered into and shall be governed, in all respects, by the laws of the State of Virginia."

11.     Horton defaulted on the Account and failed to make the minimum monthly payments as required by the Agreement.  Horton made his last payment on the Account on June 5, 2006.

12.     On January 29, 2007, Navy Federal Credit Union charged-off the Account, at which time, the outstanding unpaid balance was $22,372.61.

13.     On April 30, 2012, for valuable consideration, Navy Federal Credit Union sold all right, title and interest in the Agreement and the Account to Cavalry SPV I, LLC, which subsequently assigned the Account to Counterclaimant.

14.     Horton has not paid Counterclaimant any sum of money on the Account.

15.     Horton owes Counterclaimant the sum of $22,372.61, together with pre-judgment interest thereon.

16.     On information and belief, in the year 2007 Horton moved from the State of Virginia to the State of Florida.

17.     On information and belief, Horton has not resided in Virginia at any time since he moved to Florida in 2007.

18.     On information and belief, Horton failed to update Navy Federal Credit Union with his new address in 2007 or at any time thereafter.

19.     On information and belief, Horton's actions affirmatively obstructed Navy Federal Credit Union's ability to file a lawsuit to collect the amount due on the Account from him, and thus the statute of limitations on any claim to recover the balance due on the Account from him was tolled during period when he was not residing in the State of Virginia.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

20.     Counterclaimant incorporates by reference paragraphs 1 through 19 above as if fully set forth herein.

21.     Counterclaimant and Navy Federal Credit Union have performed all duties required of them under the Agreement, unless excused.

22.     Horton breached the Agreement by failing to make the minimum monthly payment on the Account when due, and that breach damaged Navy Federal Credit Union.

23.     As a result of Horton's breach of the Agreement, Counterclaimant, as successor-in-interest to Navy Federal Credit Union, is entitled to recover the sum of $22,372.61, together with pre-judgment interest, attorneys' fees and costs as allowed by law and the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant prays for relief as follows:

1.     For damages in the amount of $22,372.61.

2.     For pre-judgment interest at the lawful rate;

3.     For reasonable attorneys' fees pursuant to the Agreement or as otherwise allowed by law;

4.     For costs of suit as allowed by law;

5.     That Horton take nothing by the Complaint, which should be dismissed with prejudice; and

5.     For such other and further relief as the Court may deem proper.

DATED: November 26, 2013          SIMMONDS & NARITA LLP
                                  TOMIO B. NARITA
                                  JEFFREY A. TOPOR
                                  CHRISTOPHER M. SPAIN
                                  LINDSEY A. MORGAN

                                  By:   s/Lindsey A. Morgan
                                        Lindsey A. Morgan
                                        Attorneys for defendant
                                        Cavalry Portfolio Services, LLC

Exhibit A

PROMISSORY NOTE, SECURITY AGREEMENT AND DISCLOSURE



**NAVY FEDERAL CREDIT UNION**

THIS DOCUMENT INCLUDES A PROMISSORY NOTE, A SECURITY AGREEMENT AND A TRUTH-IN-LENDING DISCLOSURE. PLEASE READ EVERYTHING CAREFULLY. THERE ARE ADDITIONAL TERMS AND CONDITIONS ON THE REVERSE SIDE. YOU ARE BOUND BY THOSE TERMS AND CONDITIONS AS WELL AS THOSE ON THIS SIDE. NAVY FEDERAL CREDIT UNION IS IDENTIFIED IN THIS DOCUMENT AS 'NFCU' AND THE MEMBER AND ANY COSIGNER WILL BE IDENTIFIED AS 'BORROWER'. DO NOT ALTER THIS DOCUMENT. NOTIFY US IF A CHANGE IS NECESSARY. VERIFY ALL COMPLETED SPACES. COMPLETE SIGNATURES WHERE INDICATED ☞ BELOW.

MP PROM NOTE SGL 07282005_013_074

① Borrower's Name and Address

**CORY HORTON
34 N GAWAIN WAY
HAMPTON VA 23669-2894**

006002406

② DATE: 07/25/05
③ LOAN NO. 430004850599-02

CHECK/DRAFT-OFFICE USE ONLY
0313114086-4087

④ PURPOSE OF LOAN   **USED VEHICLE**

⑤ AMOUNT FINANCED  $ TWENTY-FIVE THOUSAND--00/100.....................

| ⑥ OLD LOAN BALANCE(S) (if any) | ⑦ INTEREST DUE ON OLD LOAN BALANCE(S) | ⑧ CASH TO MEMBER | ⑨ AMOUNT FINANCED |
|---|---|---|---|
| $ 0.00 | $ 0.00 + | $ 25,000.00 = | $ 25,000.00 |

**TRUTH-IN-LENDING DISCLOSURE**

⑩ ANNUAL PERCENTAGE RATE  5.500 %
The cost of your credit as a yearly rate.

⑪ FINANCE CHARGE  $ 4,623.94
The dollar amount the credit will cost you.

⑫ AMOUNT FINANCED  25,000.00
The amount of credit provided to you on your behalf.

⑬ TOTAL OF PAYMENTS  32,367.60
The amount you will have paid after you have made all payments as scheduled.

Your PAYMENT SCHEDULE will be:

| ⑭ NUMBER OF PAYMENTS | ⑮ AMOUNT OF PAYMENTS | ⑯ WHEN PAYMENTS ARE DUE |
|---|---|---|
| 72 | 449.55 | Monthly, beginning 09/10/05 |

SECURITY: You are pledging a security interest in the collateral described below:

| ⑰ MAKE and YEAR | ⑱ Body Type | ⑲ Cylinders | ⑳ Serial Number |
|---|---|---|---|
| 93 GMC | 2 DOOR | 8 | |

㉑ OTHER: Shares and dividends in accordance with Section 107(11) of the Federal Credit Union Act.

PREPAYMENT: If you pay off early, you will not have to pay a penalty.

See the Promissory Note and Security Agreement below for information concerning nonpayment and default.

DLD 2005-07-22-16.20.42.290796

㉒ PAYMENT PROTECTION PLAN  $ 2,743.66
The total amount of fees you will pay if optional Payment Protection Plan was selected.

☐ Option A
Life Protection
$0.072 per $100
of loan balance
per month

☐ Option B
Life and Disability
$0.134 per $100
of loan balance
per month

☒ Option C
Life, Disability and
Involuntary Unemployment
$0.272 per $100 of loan
balance per month

☐ Protection Declined

**PROMISSORY NOTE AND SECURITY AGREEMENT:** The undersigned ("Borrower") jointly and severally, waiving rights of demand and notice, hereby promise to pay to the order of NFCU the amount shown in block 12 of the Truth-in-Lending Disclosure above, with interest on the unpaid balance at the ANNUAL PERCENTAGE RATE shown in block 10, in installments as shown in the payment schedule. Interest is charged on a daily basis from the date of the Promissory Note. ANNUAL PERCENTAGE RATE does not reflect the effect of deposits required to secure this loan.

To secure payment of this Promissory Note and any and all extensions or renewals thereof in whole or in part, and any and all other indebtedness now or hereafter owing by Borrower to NFCU, Borrower grants and pledges to NFCU a lien upon, and a security interest in, Borrower's shares on deposit in all joint and individual accounts and any other monies held by NFCU now or in the future, to the extent of any loan made and any charges payable; and a security interest in the collateral securing this loan, as described above, or securing other loans that the Borrower has with NFCU now or in the future, including any type of change or increase; and any proceeds from the sale of such collateral and of insurance thereon not to exceed the unpaid balance of the loan. This security agreement does not apply to shares in Individual Retirement Account or to property used as a principal dwelling, or to loans secured by property used as a principle dwelling. If the loan is made to a trust with a Navy Federal Trust Account number, each person signing the note is jointly and severally liable for that loan. Where the trust is revocable, we require the trustee(s) and the natural person member(s) to sign the note.

Any default by Borrower under any of the terms or provisions of any other agreement between Borrower and NFCU, whether existing now or in the future, shall constitute a default under all agreements. Upon default, the balance due under this Note, plus any interest, shall become immediately payable without further notice to the Borrower at the option of NFCU. If the amount due is not paid immediately, NFCU shall have the right to take such action as is available to it under the law. Such action may include taking possession of all stated collateral and sell, or otherwise dispose of the same, or any part thereof, at public or private sale upon such terms as NFCU may elect, and apply the proceeds received from such a sale to the amounts owed. Borrower will be liable to NFCU for any deficiency to the extent permitted by law. In the event of default, all reasonable costs of collection, including but not limited to, court costs, expenses and reasonable attorney's fees, will be paid by the Borrower.

BORROWER AGREES THAT THE ADDITIONAL TERMS AND PROVISIONS ON THE REVERSE SIDE HEREOF SHALL CONSTITUTE A PART OF THIS NOTE AND SECURITY AGREEMENT AND ARE INCORPORATED HEREIN.

Borrower acknowledges receipt of a completed copy of this instrument and disclosure statement prior to consummation of the loan. This agreement is entered into and shall be governed, in all respects, by the laws of the State of Virginia.

Borrower is hereby notified that a negative credit report reflecting on Borrower's credit record may be submitted to credit reporting agencies if Borrower fails to fulfill the terms of Borrower's credit obligations.

I CERTIFY that all information provided by me is true and complete. (Section 1014 Title 18 US Code makes it a Federal crime to knowingly make a false statement or report in the application for the purpose of influencing a Federal Credit Union.)

If a Payment Protection Plan option has been elected above, by signing below I request that protection and I agree to the terms in the Payment Protection Plan Agreement and Disclosure. I understand that I can cancel or request Payment Protection Plan at any time by contacting Navy Federal Credit Union at 1-800-336-3333.

MEMBER
(BORROWER)  ᴥ̲CORY HORTON̲  (Seal)

By signing this note as a Cosigner, I agree to be equally responsible with the Borrower for this loan. In addition, I confirm that I fully understand the provisions of the attached Notice to Cosigner as required by Federal Regulation.

COSIGNER ☞ _____  (Seal)

By signing this note as Owner of Collateral Other Than Borrower, I agree that my ownership interest in the collateral is subject to the security agreement only. I am not bound to repay the loan.

OWNER OF COLLATERAL
OTHER THAN BORROWER ☞ _____  (Seal)

NFCU 23CL (9-04)
© 2004 Navy Federal Credit Union

NOTICE: See other side for additional disclosures and Security Agreement

# NAVY FEDERAL CREDIT UNION®

## PROMISSORY NOTE, SECURITY AGREEMENT AND DISCLOSURE

THIS DOCUMENT INCLUDES A PROMISSORY NOTE, A SECURITY AGREEMENT AND A TRUTH-IN-LENDING DISCLOSURE. PLEASE READ EVERYTHING CAREFULLY. THERE ARE ADDITIONAL TERMS AND CONDITIONS ON THE REVERSE SIDE. YOU ARE BOUND BY THOSE TERMS AND CONDITIONS AS WELL AS THOSE ON THIS SIDE. NAVY FEDERAL CREDIT UNION IS IDENTIFIED IN THIS DOCUMENT AS "NFCU" AND THE MEMBER AND ANY COSIGNER WILL BE IDENTIFIED AS "BORROWER". DO NOT ALTER THIS DOCUMENT. NOTIFY US IF A CHANGE IS NECESSARY. VERIFY ALL COMPLETED SPACES. COMPLETE SIGNATURES WHERE INDICATED BELOW.

① Borrower's Name and Address

② DATE

② LOAN NO.

④ PURPOSE OF LOAN

CHECK/DRAFT/OFFICE USE ONLY.

⑤ AMOUNT FINANCED $

⑥ OLD LOAN BALANCE(S) (if any) $ + ⑦ INTEREST DUE ON OLD LOAN BALANCE(S) $ + ⑧ CASH TO MEMBER $ = ⑨ AMOUNT FINANCED $

## TRUTH-IN-LENDING DISCLOSURE

**ANNUAL PERCENTAGE RATE** ⑩ %
The cost of your credit as a yearly rate.

**FINANCE CHARGE** ⑪ $
The dollar amount the credit will cost you.

**AMOUNT FINANCED** ⑫ $
The amount of credit provided to you on your behalf.

**TOTAL OF PAYMENTS** ⑬ $
The amount you will have paid after you have made all payments as scheduled.

Your PAYMENT SCHEDULE will be:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| ⑭ | ⑮ $ | ⑯ Monthly, beginning |

SECURITY: You are pledging a security interest in the collateral described below:

| Make and Year | Body Type | Cylinders | Serial Number |
|---|---|---|---|
| ⑰ | ⑱ | ⑲ | ⑳ |

㉑ OTHER: Shares and dividends in accordance with Section 107(11) of the Federal Credit Union Act.

PREPAYMENT: If you pay off early, you will not have to pay a penalty.
See the Promissory Note and Security Agreement below for information concerning nonpayment and default.

PAYMENT PROTECTION PLAN FEE $
The total amount of fees you will pay if optional Payment Protection Plan was selected.

☐ Option A
Life Protection
$0.072 per $100
of loan balance
per month

☐ Option B
Life and Disability
$0.134 per $100
of loan balance
per month

☐ Option C
Life, Disability and
Involuntary Unemployment
$0.272 per $100 of loan
balance per month

☐ Protection
Declined

## PROMISSORY NOTE AND SECURITY AGREEMENT

The undersigned ("Borrower") jointly and severally, waiving rights of demand and notice, hereby promise to pay to the order of NFCU the amount shown in block 12 of the Truth-In-Lending Disclosure above, with interest on the unpaid balance at the ANNUAL PERCENTAGE RATE shown in block 10, in installments as shown in the payment schedule. Interest is charged on a daily basis from the date of this Promissory Note. ANNUAL PERCENTAGE RATE does not reflect the effect of deposits required to secure this loan.

To secure payment of this Promissory Note and any and all extensions or renewals thereof in whole or in part, and any and all other indebtedness now or hereafter owing by Borrower to NFCU, Borrower grants and pledges to NFCU a lien upon, and a security interest in, Borrower's shares on deposit in all joint and individual accounts and any other monies held by NFCU now or in the future, to the extent of any fees made and any charges payable; and a security interest in the collateral securing this loan, as described above, or securing other loans that the Borrower has with NFCU now or in the future, including any type of change or increase; and any proceeds from the sale of such collateral and of insurance thereon not to exceed the unpaid balance of the loan. This security agreement does not apply to shares in an Individual Retirement Account or to property used as a principal dwelling, or to loans secured by property used as a principal dwelling. If the loan is made to a trust with a Navy Federal Trust Account number, each person signing this note is jointly and severally liable for the loan. Where that trust is revocable, we require the individual and the natural person member(s) to sign the note.

Any default by Borrower under any of the terms or provisions of any other agreement between Borrower and NFCU, whether existing now or in the future, shall constitute a default under all agreements. Upon default, the balance due under this Note, plus any interest, shall become immediately payable without further notice to the Borrower at the option of NFCU. If the amount due is not paid immediately, NFCU shall have the right to take such action as is available to it under the law. Such action may include taking possession of all stated collateral and sell, or otherwise dispose of the same, or any part thereof, at public or private sale upon such terms as NFCU may elect, and apply the proceeds received from such a sale to the amounts owed. Borrower will be liable to NFCU for any deficiency to the extent permitted by law. In the event of default, all reasonable costs of collection, including but not limited to, court costs, expenses and reasonable attorneys fees, will be paid by the Borrower. BORROWER AGREES THAT THE ADDITIONAL TERMS AND PROVISIONS ON THE REVERSE SIDE HEREOF SHALL CONSTITUTE A PART OF THIS NOTE AND SECURITY AGREEMENT AND ARE INCORPORATED HEREIN.

Borrower acknowledges receipt of a completed copy of this Instrument and disclosure statement prior to consummation of the loan. This agreement is entered into and shall be governed, in all respects, by the laws of the State of Virginia.

Borrower is hereby notified that a negative credit report reflecting on Borrower's credit record may be submitted to credit reporting agencies if Borrower fails to fulfill the terms of Borrower's credit obligations.

I CERTIFY that all information provided by me is true and complete. (Section 1014 Title 18 US Code makes it a Federal crime to knowingly make a false statement or report in this application for the purpose of influencing a Federal Credit Union.)

If a Payment Protection Plan has been elected above, by signing below I request that protection and I agree to the terms in the Payment Protection Plan Agreement and Disclosure. I understand that I can cancel or request Payment Protection Plan at any time by contacting Navy Federal Credit Union at 1-800-336-3333.

MEMBER ►

BORROWER ► [Seal]

By signing this note as a Cosigner, I agree to be equally responsible with the Borrower for the loan. In addition, I confirm that I have read and fully understand the provisions of the attached Notice to Cosigner as required by Federal Regulation.

COSIGNER ► [Seal]

By signing this note as Owner of Collateral Other Than Borrower, I agree that my ownership interest in the collateral is subject to the security agreement only. I am not bound to repay the loan.

OWNER OF COLLATERAL
OTHER THAN BORROWER ► [Seal]

NFCU 23 (9-04)
© 2004 Navy Federal Credit Union

NOTICE: See other side for additional disclosures and Security Agreement



## ADDITIONAL TERMS AND PROVISIONS

**DEFAULT AGREEMENT**

• Until default, the BORROWER may retain possession of the vehicle and use it in any lawful manner consistent with the provisions of this agreement, with all local, state and federal laws and regulations, and with any policy of insurance thereon. The occurrence of any of the following shall constitute default; failure to make payments as specified; violation of any Borrower warranty given in this agreement; failure to perform in accordance with this agreement; discovery that any warranty or statement of Borrower made in connection with this transaction is incorrect in any material respect; use of the collateral in any manner prohibited by law; limitation on the collateral by being attached, levied upon, seized in any proceeding, or held by virtue of any lien, distress, or order; failure to adequately insure and properly register the collateral; suspension or revocation of registration certificate or Borrower's operating license; death, insolvency, business failure or entry of a discharge in bankruptcy or receivership by or against the Borrower, Cosigner or Co-Owner of any property of either. NFCU or its agent has the *right to take possession of the collateral without prior notice to the Borrower.*

• The waiver by NFCU of any default by the Borrower shall not be a waiver of any subsequent default.

• In the event of default, NFCU or its agent has the right to take possession of the collateral, collect all amounts and monies of the Borrower held as security for the loan and apply them to the loan balance, and revoke any and all membership privileges previously extended to the Borrower (except the right to vote and to maintain a share savings account), without prior notice to the Borrower.

• The obligation of the Borrower to NFCU to repay that portion of this loan not covered by optional Payment Protection Plan shall continue on the Cosigner, the Borrower's heirs or estate. Refer to the Payment Protection Plan Agreement and Disclosure for terms and conditions of Payment Protection Plan.

**BORROWER WARRANTY**

• The Borrower warrants that he or she is the owner of the collateral listed in blocks 17 thru 21 on the front; that there are no other liens or claims against it; and that as the owner he or she has the right to make this agreement.

• If the collateral described on the front is to be purchased with the proceeds of this loan, Borrower warrants the proceeds will not be used for any other purpose.

**BORROWER AGREEMENT**

THE BORROWER AGREES THAT HE OR SHE WILL:

| | |
|---|---|
| **POWER OF ATTORNEY** | Appoint NFCU as Borrower's attorney-in-fact with limited authority to take such steps and accomplish such acts as NFCU may deem necessary to perfect and continue the perfection of the security interest created by this security agreement and to protect the collateral. |
| **PAYMENTS** | Pay to NFCU the amounts when they become due, as indicated on the front of this form. |
| **PROTECTION OF COLLATERAL** | Defend the collateral against claims and demands of other persons and will not permit any other liens to attach to the collateral. |
| **MAINTENANCE OF COLLATERAL** | Keep the collateral in good condition and will not knowingly permit any action to impair its present value. |
| **INSURANCE** | Maintain property insurance (from an insurer of Borrower's choice) on the collateral covered by this Security Agreement against loss and damage in an amount acceptable to NFCU; and assign NFCU the right to receive the proceeds of insurance, not to exceed the unpaid principal balance of the loan. |
| **DISPOSAL OF COLLATERAL** | Obtain written consent of NFCU prior to disposing of collateral. |
| **CERTIFICATE OF OWNERSHIP** | Deliver a Certificate of Title or other proof of ownership reflecting NFCU as first lien holder of the collateral to NFCU as promptly as possible, not to exceed three months. Failure to comply with this request can result in a demand for payment in full and/or in Navy Federal converting this loan's annual percentage rate to Navy Federal's prevailing rate for personal loans. You may contact Navy Federal at 1-800-336-3333 for further information on current loan rates. If NFCU exercises its right to file for the lien-recorded title, filing fees will appear as a debit on the Borrower's share savings account. |

**FOR CONSUMER LOANS — NFCU:**

• Makes no charges and collects no fees, other than interest and lien recording fees.

• Does not charge for credit investigations.

• Does not charge advance interest; therefore, no rebate is due if you prepay the loan.

• Pays the total cash amount (block 8 on the front) of the loan to the member or to the member's account in another financial or other institution designated by the member, and has no financial ties with, or right of recourse against, the seller of the property which a member purchases and finances with NFCU.

• Has applied the provisions of Regulation Z, which implements the Federal Truth-in-Lending Act, and the Standards of Fairness promulgated by Sea Nav Instructions to this loan.

• Navy Federal offers three options which pay off or make payments to your loan in the event you can not. Payment Protection Plan is voluntary and not required in order to obtain credit. We will not consider whether or not you elect the program in making our credit decision. You have the right to cancel at any time for any reason. If you cancel within 30 days of enrolling in the program, we will credit the outstanding balance for any fees charged for the program. You should carefully read the Payment Protection Plan Agreement and Disclosure for a full explanation of the terms and conditions of the program. Payment Protection Plan is not available for NAVchek Line of Credit or leases.

• The following consumer protection notice is required by the Federal Trade Commission:

Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder.

The Borrower (and Cosigner or Co-Owner, if any) and Navy Federal Credit Union have caused this agreement to be executed on the date indicated on the front of this form.

NAVY FEDERAL CREDIT UNION

by _____  Assistant Treasurer

**PROOF OF SERVICE**

I, Lindsey A. Morgan, hereby certify that:

I am employed in the City and County of San Francisco, California.  I am over the age of eighteen years and not a party to this action.  My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.  I am counsel of record for the defendant in this action.

On November 26, 2013, I caused the **FIRST AMENDED ANSWER AND COUNTERCLAIM BY DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC** to be served upon the parties listed below via the Court's Electronic Filing System:


**VIA ECF**

Sergei Lemberg
slemberg@lemberglaw.com
Tammy Hussin
tammy.hussin@lemberglaw.com

Counsel for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 26th day of November, 2013.


By:   s/Lindsey A. Morgan
                     Lindsey A. Morgan