Trinette G. Kent, Esq. (Bar No. 222020)
Of Counsel in Arizona and California
Lemberg Law LLC
10645 North Tatum Blvd.
Suite 200-192
Phoenix, AZ 85028
Telephone:   855-301-2100 ext. 5533
Facsimile:  203-653-3424
E-mail: tkent@lemberglaw.com

Stephen Taylor (*phv*) (CT Bar No. 428505)
Lemberg Law LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: staylor@lemberglaw.com

Sergei Lemberg (*phv*) (CT Bar. No. 425027)
Lemberg Law LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: slemberg@lemberglaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cory Horton, *on behalf of himself and all others similarly situated*,<br><br>           Plaintiff,<br><br>      vs.<br><br>Cavalry Portfolio Services, LLC,<br><br>           Defendant. | Case No.: 3:13-cv-0307-JAH-WVG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM**<br><br>Honorable Judge William V. Gallo |

Plaintiff, Cory Horton ("Horton") respectfully submits this Memorandum of Points and Authorities in support of his Motion for Summary Judgment on the Counterclaim of Defendant Cavalry Portfolio Services, LLC's ("Cavalry").

## SUMMARY

Defendant brings a Counterclaim for breach of contract against Horton for his alleged failure to pay a debt. The Counterclaim is barred by the statute of limitations and the Defendant does not have standing to sue.

Under Virginia law, the applicable statute of limitations is either four or five years – both of which long passed before Cavalry brought its Counterclaim in a transparent attempt to sully the Plaintiff in this class action lawsuit. The debt Cavalry, a debt collector, seeks to recover was charged off and considered due-in-whole by Navy Federal Credit Union ("NFCU") on January 29, 2007. Cavalry's first attempt to assert any claim for breach of contract was not until August 19, 2013, six years later. In an effort to toll the statute of limitations, Cavalry argues that Horton affirmatively obstructed NFCU's ability to file suit. There is no basis for such a claim. NFCU testified without equivocation that there was nothing to support the contention that NFCU was obstructed from filing suit. Indeed, NFCU decided not to file suit for its own reasons, independent of Horton. Here, the statute of limitations did not toll and Horton is entitled to summary judgment.

Additionally, Cavalry does not have standing to sue. Cavalry does not own the debt and has made no evidentiary showing that it was assigned the debt. Accordingly Cavalry suffered no injury, does not have standing, and Horton requests that the Court enter summary judgment in his favor.

## STATEMENT OF MATERIAL FACTS

Cavalry's claim sounds in breach of contract of a Navy Federal Credit Union ("NFCU") Promissory Note, Security Agreement and Disclosure ("Agreement"). (Doc. No. 66, ¶ 6). The Agreement is dated July 25, 2005. (The Agreement).[1]

The Agreement provides that it is to be governed by the laws of the State of Virginia. *Id*. pg. 2. Virginia law provides a four-year statute of limitations for actions on contracts for sale VA Code § 8.2-725 (four year statute of limitations for contracts for sale); *see Credit Acceptance Corp. v. Coates*, 75 Va. Cir. 267 (Va. Cir. Ct. 2008) (applying four-year statute of limitations to contract for automobile sale). Virginia law provides a five-year statute of limitations for breach of written contract claims. VA Code § 8.01-246(2) (five-year statute of limitations for breach of contract claims); *Arrington v. Peoples Sec. Life Ins. Co.*, 250 Va. 52, 56, 458 S.E.2d 289 (1995) (barring breach of contract claim under § 8.01-246(2)).

Cavalry maintains that Horton defaulted on the Agreement, making his last payment on June 5, 2006. (Doc. No. 66, ¶ 11). NFCU considered the account in default as of January 30, 2006. (Carney Tr. 50:21-51:11).[2]

Regarding default, the Agreement provides, twice, that:

> Any default by Borrower under any of the terms or provisions of any other agreement between Borrower and NFCU, whether existing now or in the future, shall constitute a default under all agreements. Upon default, the balance due under this Note, plus any interest, shall become immediately payable without further notice to the Borrower at the option of NFCU.

(Exhibit A, pgs. 1-2). NFCU charged off the account on January 29, 2007. (Doc. No. 66, ¶ 12). At the date of charge-off, NFCU considered $23,141.25 to be owed on the

---

[1] The Agreement is submitted as Ex. A to the Declaration of Sergei Lemberg.

[2] Excerpts from the deposition transcript of NFCU employee John C. Carney are submitted as Ex. C to the Declaration of Sergei Lemberg.

Agreement by Horton. (Carney Tr. 100:4-6). NFCU discussed a lump sum settlement amount of $25,000 with Horton on March 7, 2007. (*Id.* at 73:18-74:4).

NFCU sold the alleged obligation to Cavalry SPV I, LLC ("Cavalry SPV1") (not Defendant Cavalry) on April 30, 2012. (Doc. No. 66, ¶ 13).

Cavalry Portfolio "does not purchase debts." (Anderson Tr. 57:14-17).[3] Cavalry SPV1 purchases debts. *Id.* The two companies are separate entities. (*Id.* at 58:15-17). Cavalry SPV1 purchases the debts and places them with Cavalry Portfolio which is a collection agency. (*Id.* at 59:10-23).

NFCU never attempted to file a lawsuit against Horton or retain a lawyer for that purpose. (Carney Tr. 76:20-77:4). No activity of Horton precluded NFCU from pursuing its right to recover from Mr. Horton. (*Id.* at 68:20-69:2; 77:5-78:18). NFCU decided not to pursue litigation for its own reasons. (*Id.* at 69:10-13; 71:14-20):

> Q . . . was any activity by Mr. Horton precluding Navy Federal from pursuing its right to recover the money and the car between the last -- the payment he made and the sale of the account?
>
> A Not to the best of my knowledge.
>
> Q So Navy Federal just decided not to -- not to pursue the account through the legal system for whatever reasons it has of its own –
>
> A Yes.

(*Id.* at 77:11-14).

NFCU has no evidence that Horton obstructed its right to file suit. (*Id.* at 116:1-13).

---

[3] Excerpts from the deposition transcript of Cavalry's Rule 30(b)(6) designee Stephen Anderson are submitted as Ex. B to the Declaration of Sergei Lemberg. Mr. Anderson was produced to testify on behalf of Cavalry concerning defendant's collection activity related to the plaintiff, defendant's responses to discovery, defendant's affirmative defenses and defendant's counterclaim. (Anderson Tr. 25:20-26:2).

Cavalry has no knowledge of anything that would have prevented NFCU from suing Horton. (Anderson Tr. 124:9-25; 179:25-180:21).

It was Cavalry's attorneys' decision to bring the counterclaim in this case. (*Id.* at 123:9-12).

## ARGUMENT

### I. STANDARD

Summary judgment is proper where the pleadings and materials demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). A material issue of fact is a question that a trier of fact must answer to determine the rights of the parties under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears "the initial responsibility of informing the district court of the basis for its motion." *Celotex,* 477 U.S. at 323. To satisfy this burden, the movant must demonstrate that no genuine issue of material fact exists for trial. *Id.* at 322. Where the moving party does not have the ultimate burden of persuasion at trial, it may carry its initial burden of production in one of two ways: "[t]he moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1106 (9th Cir. 2000). To withstand a motion for summary judgment, the non-movant must then show that there are genuine factual issues which can only be resolved by the trier of fact. *Reese v. Jefferson Sch. Dist. No. 14J,* 208 F.3d 736, 738 (9th Cir. 2000). A party asserting that a fact cannot be or is genuinely disputed cannot rely solely

- 4 -

on its pleadings, but must support that assertion with citations to the record, such as affidavits, depositions, admissions, or answers to interrogatories. Fed. R. Civ. P. 56(c)(1); *see also Celotex,* 477 U.S. at 324.

The court must review the record as a whole and draw all reasonable inferences in favor of the non-moving party. *Hernandez v. Spacelabs Med. Inc.,* 343 F.3d 1107, 1112 (9th Cir. 2003). To avoid summary judgment, the non-moving party need not produce evidence in a form that would necessarily be admissible at trial. *Celotex,* 477 U.S. at 324. However, unsupported conjecture or conclusory statements are insufficient to defeat summary judgment. *See Hernandez,* 343 F.3d at 1112; *Surrell v. Cal. Water Serv. Co.,* 518 F.3d 1097, 1103 (9th Cir. 2008).

## II. THE UNDISPUTED FACTS SHOW THAT THE COUNTERCLAIM IS BARRED BY VIRGINIA'S STATUTE OF LIMITATIONS

### A. The Statute of Limitations Bars the Claim

Whether the Court applies Virginia's four year statute of limitations for the sale of goods or the five year limitations for actions in contract, the action is time-barred.

VA Code § 8.01-246(2) provides that "actions on any contract . . . which is in writing and signed by the party to be charged" must be brought "within *five years.*" *See Arrington v. Peoples Sec. Life Ins. Co.*, 250 Va. 52, 56, 458 S.E.2d 289 (1995) (barring breach of contract claim under § 8.01-246(2)); *see also Cisneros v. Regents of University of California*, 8 Fed. Appx. 662 (9th Cir. 2001) ("The district court did not err in granting summary judgment . . . because those claims were barred by the statute of limitations."); *Richman v. National Health Laboratories, Inc.*, 235 Va. 353, 356, 367 S.E.2d 508 (Va. 1988) (affirming granting of summary judgment where suit barred by statute of limitations). Alternatively, VA Code § 2-725 provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." *See Coates*, 75 Va. Cir. at 267, n. 4 (Va. Cir. Ct. 2008).

The first attempt to assert any claim for breach of contract was on August 19, 2013 by Cavalry (Doc. 17) which Cavalry then abandoned. (Doc. No. 26). Cavalry made a second attempt to assert a breach of contract claim on November 26, 2013. (Doc. No. 31). Horton made his last payment on June 5, 2006 and the account was charged off in its entirety by NFCU on January 29, 2007. The latest time within which Cavalry or NFCU could file a claim on the debt was January 29, 2012. Neither NFCU nor Cavalry did so within that period there therefore the claim is barred.

### B. The Statute of Limitations did Not Toll

Cavalry asserts that the statute of limitations tolled pursuant to VA Code § 8.01-229(D)(ii) because "Horton's actions affirmatively obstructed Navy Federal Credit Union's ability to file a lawsuit to collect the amount due on the Account from him . . ." (Doc. No. 31-1 pg. 10; Doc. No. 66, ¶ 19). This is wrong and unsupported.

In pertinent part, VA Code § 8.01-229(D) provides:

> D. Obstruction of filing by defendant.--When the filing of an action is obstructed by a defendant's . . . (ii) using any other direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought.

VA Code § 8.01-229(D). The Virginia Supreme Court has reviewed the standard for tolling a statute of limitations under Va. Code § 8.01-229(D). The court has explained, "Mere silence by the person liable is not concealment, but there must be some affirmative act or representation designed to prevent, *and which does prevent*, the discovery of the cause of action." *Newman v. Walker*, 270 Va. 291, 298, 618 S.E.2d 336, 339-40 (2005) (emphasis supplied); *see also Mid-Atl. Bus. Commc'ns, Inc. v. Virginia Dep't of Motor Vehicles*, 269 Va. 51, 58, 606 S.E.2d 835 (2005) (" 'A defendant must intend to conceal the discovery of the cause of action by trick or artifice and must have thus actually concealed it from the plaintiff in order for the exception to apply' ") (quoting *Richmond Redevelopment and Housing Authority v. Laburnum*

- 6 -

*Const. Corp.*, 195 Va. 827, 840, 80 S.E.2d 574, 582 (1954). Thus tolling under § 8.01-229(D) requires: 1) an affirmative act to obstruct the initiation of an action, and 2) actual obstruction.

There was no obstruction here. As John D. Carney of NFCU testified, NFCU never attempted to file a lawsuit against Horton or retain a lawyer for that purpose. (*Id.* at 76:20-77:4). No activity of Horton precluded NFCU from pursuing its right to recover from Mr. Horton. (*Id.* at 77:5-78:18). NFCU decided not to pursue litigation for its own reasons. (*Id.* at 71:14-20, 77:11-14). NFCU has no evidence that Horton obstructed its right to file suit. (*Id.* at 116:1-13).

Moreover, Cavalry even admits that it has no knowledge of anything that would have prevented NFCU from suing Horton. (Anderson Tr. 124:9-25; 179:25-180:21). Indeed, it was Cavalry's attorneys' decision to bring the counterclaim in this case. (*Id.* at 123:9-12). As the Court in *Lou v. Ma Labs., Inc.* noted, in class actions "defense counsel are fond of asserting counterclaims for the principal purpose of tarnishing the plaintiff in his or her role as the class representative." 2013 WL 3989425, *3 (N.D. Cal., Aug. 2, 2013). This is precisely what occurred here. Cavalry's attorneys pursued this claim, Cavalry itself has no proof that NFCU was obstructed from filing suit and NFCU itself admits that it does not file suits and it was not actually obstructed from filing suit.

For the foregoing, the breach of contract was brought after the statute of limitations expired and judgment should enter in favor of Horton on Cavalry's Counterclaim.

### III.   CAVALRY DOES NOT HAVE STANDING

Alternatively, Cavalry does not have standing to pursue the breach of contract claim. Cavalry SPV1 owns the debt, not Cavalry Portfolio Services.

"A plaintiff's basis for standing must affirmatively appear in the record." *Salmon Spawning & Recovery Alliance v. Gutierrez*, 525 F.3d 1220, 1228 n. 5 (9th Cir. 2008) (citation and quotes omitted). There is no such basis here. Indeed, Cavalry Portfolio

- 7 -

"does not purchase debts." (Anderson Tr. 57:14-17).[4] *Cavalry SPV1* purchases debts. *Id*. The two companies are separate entities. (*Id*. at 58:15-17). Cavalry SPV1 purchases the debts and places them with Cavalry Portfolio which is a collection agency. (*Id*. at 59:10-23).

Cavalry has put forth no evidence that it has standing; accordingly summary judgment for Horton is appropriate. *Lujan*, 504 U.S. at 561; *KB2S, Inc. v. City of San Diego, Cal.*, 2007 WL 173858, *3 (S.D. Cal., Jan. 17, 2007) ("Plaintiffs do not have standing because there is no evidence that they have suffered an injury-in-fact . . . ."); *see also, e.g.*, *Cavalry Portfolio Services v. Rocha*, 366 Ill. Dec. 129, 979 N.E.2d 930 (Ill. App. Ct. 2012) (finding plaintiff lacked standing because account not sufficiently assigned); *cf. Cavalry SPV I, LLC v. Dulaney*, 2012 WL 172182 (Ohio Ct. App., Jan. 19, 2012) (Cavalry SPV I injured entity); *Cavalry SPV I, LLC v. Kelly*, 2011 WL 6934780 (Conn. Super. Ct., Dec. 12, 2011) (same); *Cavalry SPV I, LLC v. Desrosiers*, 2010 WL 4227033 (Conn. Super. Ct., Sept. 20, 2010) (same); *Cavalry SPV, LLC v. Anderson*, 99 Ark. App. 309, 260 S.W.3d 331 (Ark. Ct. App. 2007) (same).

Because it does not own the debt and is merely the debt collection agency, Cavalry suffered no injury, has no standing to pursue a breach of contract claim and judgment should enter in Horton's favor.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests the Court grant his motion for summary judgment of Defendant's Counterclaim.

Dated: October 6, 2014

---

[4] Excerpts from the deposition transcript of Cavalry's Rule 30(b)(6) designee Stephen Anderson are submitted as <u>Ex. B</u> to the Declaration of Sergei Lemberg. Mr. Anderson was produced to testify on behalf of Cavalry concerning defendant's collection activity related to the plaintiff, defendant's responses to discovery, defendant's affirmative defenses and defendant's counterclaim. (Anderson Tr. 25:20-26:2).

By:   */s/  Sergei Lemberg*
Sergei Lemberg, Esq.
Lemberg Law LLC
Attorney for Plaintiff

- 9 -

# CERTIFICATE OF SERVICE

I certify that on October 6, 2014, the foregoing was electronically filed through the U.S. District Court Southern District of California Electronic Document Filing System (ECF) which sent notice of such filing to the following:

Tomio B. Narita
Jeffrey A. Topor
Christopher M. Spain
Sarah H. Scheinhorn
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816

Lindsey Anne Morgan
Sinnott, Puebla, Campagne & Curet APLC
Two Embarcadero Center
Suite 1410
San Francisco, CA 94111

                                        */s/  Sergei Lemberg*
                                          Sergei Lemberg, Esq