1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

8

9   CORY HORTON, on behalf of himself    Case No.: 13cv307-JAH-WVG
    and all others similarly situated,

10                                        **ORDER:**

11              Plaintiff,
                                          **(1) GRANTING**
12         v.                             **FINAL APPROVAL OF CLASS**
                                          **ACTION**
13   CAVALRY PORTFOLIO SERVICES,          **SETTLEMENT AND DISMISSING**
     LLC,                                 **CLASS PLAINTIFFS' CLAIMS**
14                                        **(Doc. No. 299)**

15              Defendant.

16                                        **(2) GRANTING MOTION FOR**
                                          **ATTORNEYS' FEES, COSTS AND**
17                                        **INCENTIVE AWARDS (Doc. No.**
                                          **297).**
18

19

20

21

22

23

24

25

26

27

28

KEVIN KREJCI, on behalf of himself
and all others similarly situated,

                    Plaintiff,

      v.

CAVALRY PORTFOLIO SERVICES,
LLC,

                    Defendant.

Case No.: 16cv00211-JAH-WVG

This matter came before the Court upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement and Class Counsel's Motion for an Award of Fees, Costs, and Class Representative Incentive Awards. After considering the motions and declarations and exhibits submitted with the motions, the Court enters this Final Approval Order and Judgment (the "Final Approval Order" or this "Order"), which constitutes a final adjudication on the merits of all claims of the Settlement Class. Accordingly, IT IS HEREBY ORDERED that the motions are **GRANTED**, the Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is finally approved, Class Counsel are awarded $2,000,000 in fees, $85,349.64 in expenses, and Plaintiffs Cory Horton and Kevin Krejci are awarded $10,000 and $10,000 respectively, for incentive awards ($20,000 total).

     1.     Unless otherwise defined, all capitalized terms in this Final Approval Order shall have the same meaning as they do in the Settlement Agreement.

     2.     The Court has jurisdiction over the subject matter of the Litigation and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes, as follows:

All persons who were called on cell phones by Cavalry between February 8, 2009 and January 26, 2016 ("Settlement Class Period"), using the Aspect Ensemble Pro system, or the Avaya Proactive Contact 5.0 system, while attempting to collect debts on 1,035,232 Open and Closed Accounts (which will be contained in an electronic file that will be identified in the Settlement Agreement and filed under seal). Excluded from the Settlement Class are (i) individuals who are or were during the Settlement Class Period officers or directors of Cavalry or any of its Affiliates; (ii) any justice, judge or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and (iii) all individuals who file a timely and proper request to be excluded from the Settlement Class.

3.     The Court finds that the Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the Litigation and of the strengths and weaknesses of their respective positions. Further, settlement occurred only after the parties engaged experienced mediators, the Honorable Leo Pappas (Ret.) and the Honorable William V. Gallo, and negotiated over a period of many months. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4.     The Court finally certifies the Settlement Class for settlement purposes and finds, for settlement purposes, that the Litigation satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of

the Settlement Class they seek to represent; (d) Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

5.    The Court finally appoints the law firms of Terrell Marshall Law Group PLLC and Lemberg Law, LLC as Class Counsel for the Settlement Class.

6.    The Court finally designates Plaintiffs Cory Horton and Kevin Krejci as the Class Representatives.

7.    The Class Administrator executed the Notice Plan according to the terms of the Settlement Agreement. The notices apprised Settlement Class Members of the pendency of the Litigation; of all material elements of the proposed Settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on Settlement Class Members and of their opportunity to object to, comment on, or opt out of, the Settlement; of the identity of Class Counsel and Class Counsel's contact information; and of the right to appear at the Final Approval Hearing. The notice given to Settlement Class Members satisfied the requirements of constitutional due process. The notices were reasonably calculated, under the circumstances to apprise Settlement Class Members of the pendency of the Litigation, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing.

8.    Nine Settlement Class Members opted out of the Settlement Fund.

9.    There were no objections.[1]

---

[1] The Court received a letter, styled as a motion, to appear telephonically or by videoconference during the COVID-19 public emergency by class member David Turner, proceeding *pro se*. Mr. Turner attached an

10.    The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all Settlement Class Members are bound by this Final Approval Order.

11.    The Court finds that Defendant has complied with its notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed Settlement.

12.    The Court finally approves the Settlement Agreement as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

13.    The Court approves the plan of distribution for the Debt Relief Fund and the Cash Fund as set forth in the Settlement Agreement and makes the following determinations with respect to specific groups of claims:

a.    The Court approves 22,459 claims in which claimants provided telephone numbers that matched telephone numbers listed in the Settlement Class Member files provided to JND;

b.    The Court approves 2,093 claims submitted after the July 29, 2020, but on or before August 25, 2020, due to reported delays with the postal service;

c.    The Court approves 383 claims which were unsigned from claimants JND verified to be valid Settlement Class Members;

d.    The Court approves 36,085 claims JND matched to the Settlement Class List based on a mailing address in the Class Lists or based on a

_____

additional page, however, it is unclear to the Court whether he is objecting to the proposed settlement. Mr. Turner's letter shall be filed as part of the record in this case. Nonetheless, the deadline to file an objection to the settlement was July 29, 2020, which Mr. Turner surpassed by nearly two months. To the extent his motion to appear can be construed as an objection, the objection is untimely and will not otherwise be considered.

mailing address or email address obtained through advanced address search strategies using contact information in the Class Lists, but which did not include their current phone number, the phone number where they received calls, or the phone number provided was not the phone number Cavalry alleges it called;

e.    For the 16,867 claims which could not be matched to the Settlement Class List through a mailing or email address, the Court orders providing these claimants with notice of their claim form deficiency and an opportunity to cure.

14.    The Settlement Administrator is ordered to comply with the terms of the Settlement Agreement with respect to distribution of Settlement Relief, including a second payment from the Cash Fund, if feasible. Should any unclaimed funds be distributed, the Court hereby approves The Jump$tart Coalition for Personal Financial Literacy as the recipient who shall receive those unclaimed funds, after accounting for the costs of administering that distribution. The Court finds this organization closely aligned itself with the Settlement Class's interests.

15.    By incorporating the Agreement and its terms herein, this Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

16.    Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses. The Court makes the following findings of fact and conclusions of law:

a.    that the Settlement confers substantial benefits on the Settlement Class Members;

b.    that the value conferred on the Settlement Class is immediate and readily quantifiable;

c.     that Settlement Class Members who have submitted approved claims will receive debt relief or cash awards that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the TCPA;

d.     that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

e.     that the Settlement was obtained as a direct result of Class Counsel's advocacy;

f.     that the Settlement was reached following extensive negotiation between Class Counsel and Counsel for Cavalry, and was negotiated in good faith and in the absence of collusion;

g.     that counsel who recover a common benefit for persons other than himself or his client is entitled to reasonable attorneys' fees from a common fund. See, e.g., *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984).

17.     Accordingly, Class Counsel are hereby awarded $2,000,000 for attorneys' fees and $85,349.64 in actual litigation costs from the Cash Fund, which this Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Cash Fund in accordance with the terms of the Settlement Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded amongst and between Class Counsel.

18.     The Class Representatives, as identified in the Preliminary Approval Order, are hereby compensated in the amount of $10,000 for Cory Horton and $10,000 for Keven Krejci for their efforts in this case. The Court finds this amount to be reasonable in light of the service performed by the Class

Representatives. This amount shall be paid from the Cash Fund in accordance with the terms of the Settlement Agreement.

19.     The Final Approval Order, Judgment, and Settlement Agreement are not admissions or concessions by Cavalry of the validity of any claims or of any liability or wrongdoing or of any violation of law. The Final Approval Order, Judgment, and Settlement Agreement shall not be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce the Final Approval Order, Judgment, and Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of res judicata or collateral estoppel barring the pursuit of claims released in the Settlement Agreement.

20.     Upon the Final Settlement Date, the Class Representatives and each Settlement Class Member will be deemed to have completely released and forever discharged the Released Parties from the Released Claims, as set forth in Section 10 of the Settlement Agreement and expressly incorporated herein.

21.     The Court retains jurisdiction to consider all further matters arising out of or connected with the settlement, including the implementation and enforcement of the Settlement Agreement.

22.     The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, this Final Approval Order and the separate Judgment shall be entered as final and appealable and the case **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**

Date: October 13, 2020

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE